**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

NOV 0 4 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **JACK ABBOT GREBE, JR.** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **B-02cv58** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**ORDER**

BE IT REMEMBERED that on November 1, 2002, the Court **DENIED** Petitioner's Application for a Certificate of Appeal ("COA") [Dkt. No. 6].


Background

This case involves Petitioner's membership in the Republic of Texas and discussions he had concerning a plan to use toxin-coated cactus thorns propelled from converted cigarette lighters to injure and eventually kill certain members of the United States government.  On June 12, 1998, at Petitioner's direction, the group sent copies of its "Declaration of War" via e-mail to six federal law enforcement agencies, including the Drug Enforcement Agency.

Petitioner was charged with eight counts in a superseding indictment on August 8, 1998.  Count One charged conspiracy to use and attempt to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2) and c(2)(c).  Counts Two through Eight charged threatening to use and attempting to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2) and c(2)(c).  On October 29, 1998, Petitioner was convicted by a jury of Counts Five and Six only, threatening to use a weapon of mass destruction.

The Presentence Investigation Report recommended a combined adjusted offense level of 35 for the multiple count adjustment, and a criminal history category of VI pursuant to U.S.S.G. § 3A1.4.  These recommendations resulted in a guideline range of 292 to 365 months imprisonment.

At sentencing, Petitioner's counsel argued that none of the sentencing enhancements were applicable to Petitioner.  More specifically, Petitioner asserted that § 3A1.4(a) did not apply because his conviction did not involve a weapon of mass destruction.  In the alternative, he requested a downward departure due to the government's conduct in promoting and manipulating the offense.  Petitioner further argued that § 2A6.1(b)(1) enhancement did not apply because he had no intent to carry out the offense.  Finally, Petitioner contended that § 3A1.2(a) enhancement was inappropriate because the guideline does not apply when the victim is an organization, agency or government.  The Court held that each enhancement did apply, and, after denying a motion for downward departure, sentenced Petitioner to 292 months imprisonment on each count to run concurrently.

Petitioner appealed to the Fifth Circuit Court of Appeals in February 1999.  On appeal, Counsel did not raise an issue regarding the calculation of the sentence.  The Fifth Circuit denied the appeal on July 31, 2000, and the Supreme Court of the United States denied Petitioner's subsequent Writ of Certiorari on April 10, 2001.

In March, 2002, Petitioner sought to collaterally attack his conviction on two grounds.  First, he argued that his counsel was ineffective on appeal because he failed to "raise viable issues concerning the calculation of [Petitioner's] offense level."  Second, he asserted the Apprendi case, in which the United States Supreme Court announced the rule that any enhancement of sentence beyond the statutory maximum must be presented to the defendant through the indictment and proved beyond a reasonable doubt, should be expanded to include a scenario in which the statutory maximum has not been exceeded.  See Apprendi v. New Jersey, 530 U.S. 466 (2000).

On September 6, 2002, the Court denied Petitioner's request for federal habeas corpus relief, pursuant to 28 U.S.C. § 2255.  The Court held that for purposes of 18 U.S.C. § 2332b(g)(5), an offense "related to" the use of a weapon of mass destruction includes a threat to use a weapon of mass destruction.  A threat to use a weapon of mass destruction, therefore, was sufficient to trigger an enhancement under U.S.S.G. § 3A1.4.  Additionally, the Court determined that Petitioner's enhancement under § 2A6.1(b)(1) was proper because there was evidence that he intended to carry out his

2

threat.  Because the Court's enhancement of Petitioner's sentence was proper under both § 2A6.1(b)(1) and § 3A1.4, and the result of the proceeding would not have been different had Petitioner's counsel argued against the enhancements, the Court held that Petitioner's appellate counsel was not ineffective as a matter of law.  The Court also declined to extend Apprendi's holding in the manner requested by Petitioner and instead adopted a plain reading of the Supreme Court's majority decision, as it is required to do.

Analysis of Petitioner's Application for COA

Petitioner's case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. See Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997).  Before Petitioner may seek appellate review of this Court's denial of habeas relief, he must first obtain a COA pursuant to 28 U.S.C. § 2253(c)(1)(A).  A COA limits appellate review to those issues on which the COA is granted.  See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).  In order for the Court to issue a COA, it is mandatory that Petitioner make a "substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  An applicant is required to make such a showing by "'demonstrat[ing] that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'"  Hill v. Johnson, 210 F.3d 481, 484 (5th Cir. 2000) (citing Drinkard v. Johnson, 97 F.3d 751, 755 (5th Cir. 1996)).   The above showing, or COA test, is further influenced by the underlying grounds, constitutional or procedural, for the district court's denial of the petitioner's request for habeas relief.  If the court rejects the habeas petition on the merits of a constitutional claim, as it did in the present case, the petitioner must only "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his application for a COA Petitioner has failed to make a showing that he was

denied a constitutional right.  In fact, Petitioner has presented no legal or factual arguments, nor does he cite any legal authority in support of his application.  As a result, Petitioner has not sustained his burden of demonstrating that reasonable jurists would find the Court's assessment of the constitutional claims erroneous or even debatable.  Additionally, the Court, of its own accord, has reviewed the grounds for denying Petitioner's request for habeas relief.  The Court is satisfied that Petitioner's sentence enhancement was proper under U.S.S.G. §§ 2A6.1(b)(1) and 3A1.4, and hence his ineffective assistance of counsel claim failed because counsel's failure to raise the sentencing calculation on appeal did not alter the outcome of the case.  Finally, Petitioner's Apprendi claim was correctly decided because by Petitioner's own concession the result requested would require the Court to expand the majority decision.

Petitioner's application for a Certificate of Appealability is hereby **DENIED**.

DONE this 1st day of November, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

4